## W. R. SANNER v. THE STATE.

AGGRAVATED ASSAULT.—The word *officer*, as used in Article 488 of the Penal
Code, which defines aggravated assaults, includes not only the officials-
designated in the preceding Article 339, and in Articles 52, 53, and 54 of
the Code of Criminal Procédure, but also all other persons legally-
authorized to perform public duties. A policeman of an incorporated
town or city is an officer within the meaning of Article 488 of the Penal
Code (Pasc. Dig., Art. 2150).

APPEAL from the County Court of McLennan. Tried
below before the Hon. G. B. GERALD, County Judge.

*Clark & Dyer*, for the appellant.

*George McCormick*, Assistant Attorney General, for the
State.

ECTOR, P. J. This case presents but one question for
the determination of the court, to wit: Is a policeman of
the city of Waco an officer within the meaning of Article
488 of the Criminal Code? Appellant was presented, by
information, for an aggravated assault, the circumstances of
aggravation being that the party assaulted was an officer,
to wit, a policeman of the city of Waco, in the lawful dis-
charge of his official duty; which facts, it is charged, were
well known to the defendant at the time he made the
assault, etc.

The counsel for the appellant insists that the term "offi-
cer" is specially defined in our Code of Criminal Proced-
ure, in Articles 52, 53, and 54, and also in Article 339, of
our Criminal Code, and does not include policemen of towns
or cities; that the term marshal and constable of an incor-
poration, town, or city is used, and not policeman.

We believe that the term "officer," as used in chapter 2,
Article 488, of our Criminal Code, includes not only sheriffs,
deputy sheriffs, constables, and marshals of cities and

towns, but certainly any other officer in the state, no matter by what name he is called.

It is admitted that the general term *officer* includes both magistrates and peace officers. Art. 54, Code Cr. Proc.

" Except when a word, term, or phrase is specially defined, all words used in this Code are to be taken and construed in the sense in which they are understood in their common language, taking into consideration the context and subject-matter relative to which they are employed." Penal Code, Art. 28.

What, then, is the sense in which the term " officer " is understood in common language?  Mr. Webster says: " He is any person commissioned or authorized to perform any public duty."  A policeman is recognized in the Penal Code as a peace officer.  Article 6 of the act to regulate the keeping and bearing of deadly weapons makes it the duty of all sheriffs, constables, marshals, and their deputies, and all policemen and other peace officers, etc., to enforce that act.  See, also, the case of *Tiner* v. *The State*, 44 Texas, 128.

We believe that the statute under which this information was filed was intended to punish any one who had assaulted any officer of the state while in the discharge of his official duty as an officer, it matters not by what name such officer is called.  As has been so well said by the assistant attorney general, he may be nothing more than a tax-gatherer in the lawful discharge of his humble duties, yet the necessities of the state require that he should be protected, although the name of his office is not mentioned in the Articles of the Code of Procedure upon which counsel for appellant relies.

*Affirmed.*